MATTER OF SS. BELLINA

In FINE Proceedings

NOR-10/33.103

*Decided by Board August 26, 1960*

**Fine—Section 254—Liability not incurred where crewman's attempt to land is thwarted by drowning.**

No fine liability is incurred under section 254 of the Immigration and Nationality Act. for failure to detain on board an alien crewman whose body was found floating near the shore line, having apparently drowned while attempting to escape from the vessel. Landing is the essence of the violation under section 254; and, here, no landing was accomplished.

IN RE: SS. *Bellina,* which arrived at the port of Norfolk, Virginia, from foreign on April 11, 1960. Alien crewman involved: L—V—.

BASIS FOR FINE: Act of 1952—Section 254 (8 U.S.C. 1284).

### BEFORE THE BOARD

**DISCUSSION:** This appeal is directed to an administrative penalty of $200 ($1,000 mitigated to the extent of $800), which the District Director at Washington, D.C., has ordered imposed on W. J. Browning & Company, agents for the vessel, for failure to detain on board the vessel the above-named alien crewman who was not granted a conditional landing permit. The appeal will be sustained and the fine remitted.

The basic facts of this case are undisputed. Upon arrival, the above-named alien crewman was not granted a conditional landing permit and a Form I-95 "Refused" was issued as to him. The master immediately picked up the crewman's passport, retained it in his possession, and instructed the crewman that he could not advance him any money while the vessel remained in the United States and that he was not to leave the vessel. As a further precaution, the master had the vessel's agents arrange for shore guards to stay aboard from 7:00 a.m. until 12:00 midnight each day, which were the hours that the ship-to-shore launch was running while the vessel was anchored in the stream about 2000 yards offshore. The shore guards remained on the vessel from April 11, 1960, until the vessel sailed foreign on the night of April 14, 1960. Thereafter, on the morning of April 15, 1960, the body of this crewman was found

62

floating in the water near the Newport News shoreline. He had apparently jumped overboard after having donned a life jacket and strapped a plastic bag to his waist in which he placed about $700 in American money. The cause of his death was determined to be drowning.

We have carefully considered the opinion of the district director in this case, the entire evidence of record, and the representations of counsel for the agents and the Service. On the basis of such consideration, we hold that liability to fine has not been incurred in this case.

The statute placed upon the agents, among others, the absolute duty of detaining this crewman aboard the vessel at all times until he was granted a conditional landing permit. But the purpose of this statute is to prevent the illegal landing of crewmen. And, obviously, on the facts of this record, the purpose of the statute was accomplished. The drowning of the crewman prevented his landing.

Secondly, it is a well-recognized rule of statutory construction that no statute should be so construed as to lead to an absurd result. We are of the opinion that the facts peculiar to this case bring it clearly within that rule.

For the reasons hereinbefore stated, we think it is immaterial from a fine liability standpoint that it may not have been the efforts of the agents which prevented the crewman from effecting a landing in the United States. The landing is the essence of the violation and without it there can be no fine.

Additionally, we are aware, as the Service representative has pointed out, that we have consistently held that where a crewman has made even a brief contact with shore, except for the purpose of carrying on ship's business, there has been a landing and a technical violation of the law. But here it is conceded that there was no landing. Hence, those decisions are not binding in this instance.

ORDER: It is ordered that the appeal be sustained and that no fine be imposed.